IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DOUGLAS MCCLELLAND,**

*Plaintiff*,

v.

**TRAVELERS PERSONAL INSURANCE COMPANY**, *et al.*,

*Defendants*.

Civil No.: 1:24-cv-01509-JRR

## MEMORANDUM OPINION

This matter comes before the court on Defendant The Travelers Indemnity Company's ("Travelers Indemnity") Motion to Dismiss (ECF No. 7) and Defendant Travelers Personal Insurance Company's ("Travelers Personal Insurance") Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (ECF No. 8). The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2021). For the reasons that follow, by an accompanying order, the Motions will be GRANTED.

**I.   BACKGROUND**[1]

On April 6, 2020, Travelers Personal Insurance, a subsidiary of the parent company Travelers Indemnity, issued Plaintiff Douglas McClelland a homeowner's insurance policy wherein Travelers Personal Insurance agreed to insure Plaintiff's property against damage caused by "certain perils," including, relevant here, "damage caused by sudden and accidental tearing apart, cracking, burning or bulging; windstorm or hail; and falling objects." (Complaint, ECF No. 5 ¶¶ 2, 8.) On August 25, 2020, a tree fell onto and damaged Plaintiff's property. *Id*. ¶ 9. After

---

[1] For purposes of resolving the pending Motions, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 5.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Plaintiff reported the damage to Travelers Personal Insurance, Travelers Personal Insurance performed an inspection and subsequently issued a partial denial of Plaintiff's claim for damages on the grounds that some of the claimed damage was not caused by the fallen tree. *Id.* ¶¶ 10–14. Plaintiff alleges that Travelers Personal Insurance "refused to pay, and did not pay, for the damage to [his property], thereby materially breaching its contract with Plaintiff." *Id.* ¶ 25.

On August 1, 2023, after receiving the partial denial of his claim, Plaintiff filed a complaint (Complaint No. MIA-2023-8-1-00150850) with the Maryland Insurance Administration ("MIA"). (ECF No. 5 ¶ 19.)  On August 24, 2023, while the MIA administrative action was still pending, Plaintiff filed the instant Complaint in the Circuit Court for Anne Arundel County, Maryland, asserting two claims against both Defendants: Breach of Contract (Count I) and Failure to Act in Good Faith (Count II). *Id.* ¶¶ 21–39.  Defendants timely removed this action on May 24, 2024, and filed the instant Motions on May 31, 2024.  (ECF Nos. 1, 7, 8.)  Travelers Personal Insurance seeks dismissal of Count II; Travelers Indemnity seeks dismissal of this action as a whole.  Plaintiff filed no response to the Motions.

## II.   LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)[2]

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019).  Subject matter jurisdiction challenges may proceed in two ways: a facial challenge or a

---

[2] Neither Defendant seeks dismissal of Count II for lack of subject matter jurisdiction; however, as set forth below, the court *sua sponte* finds it lacks jurisdiction over Count II, and therefore includes the applicable standard here for completeness.  Further, because the court finds its lacks subject matter jurisdiction over Count II, the court does not reach the Rule 12(b)(6) or alternative Rule 56 bases of the Travelers Personal Insurance Motion.

factual challenge.  *Id.*  A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction."  *Id.*  A factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true." *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).  "In a facial challenge, 'the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'"  *Id.* (quoting *Kerns*, 585 F.3d at 192 (instructing that in a facial challenge to subject matter jurisdiction the plaintiff enjoys "the same procedural protection as . . . under a Rule 12(b)(6) consideration.")).  "[I]n a factual challenge, 'the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.'"  *Id.*   For the reasons set forth below, the court *sua sponte* finds that Count II, on its face, fails for lack of subject matter jurisdiction.

### B.  Federal Rule of Civil Procedure 12(b)(6)

Travelers Indemnity's Motion is brought pursuant to Rule 12(b)(6).  A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption

3

that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III.   ANALYSIS

#### A.   Count II: Failure to Act in Good Faith

The court turns first to its analysis of Count II. Plaintiff's Count II alleges that Travelers Personal Insurance, and Travelers Indemnity as its parent company, breached the duty of good faith owed to Plaintiff under Maryland law by refusing to pay Plaintiff's claim in full. (ECF No. 5 ¶¶ 29–39.) In response, Travelers Indemnity maintains that it is not a proper party to this lawsuit. (ECF No. 7 ¶ 2.) For its part, Travelers Personal Insurance asserts that Count II fails as a matter of law because Plaintiff did not exhaust the statutorily required administrative procedures. (ECF No. 8 ¶ 4.)

Under Maryland law, there is no independent action in tort against insurers for bad faith failure to pay an insurance claim. *Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, No. CV ELH-16-3431, 2018 WL 1471682, at *10 (quoting *Johnson v. Kemper Inc. Co*, 74 Md.

4

App. 243, 248 (1988)). Instead, Plaintiff's bad faith claim is governed by Maryland's statutory framework to redress an insurer's failure to act in good faith in denying insurance coverage. MD. CODE. ANN., CTS. & JUD. PROC. § 3-1701; MD. CODE. ANN., INS. § 27-1001(c). In a civil action, section 3-1701(d) applies as follows:

> (1)(i) To determine the coverage that exists under the insurer's insurance policy; or
> (ii) To determine the extent to which the insured is entitled to receive payment from the insurer for a covered loss;
> (2) That alleges that the insurer failed to act in good faith; and
> (3) That seeks, in addition to the actual damages under the policy, to recover expenses and litigation costs, and interest on those expenses or costs

MD. CODE. ANN., CTS. & JUD. PROC. § 3-1701(d).[3]

Plaintiff requests the court enjoin Defendants "from refusing to pay the full amount of Plaintiff's claim." (ECF No. 5 at p. 8.)[4] Thus, in effect, Plaintiff asks the court to determine whether the full extent of his property damage is covered under the insurance policy and, if so, the extent to which Plaintiff is entitled to receive payment from the insurer for a covered loss. Plaintiff's claim further alleges that the insurer failed to act in good faith. *Id.* ¶ 37. Finally, Plaintiff seeks "reasonable attorneys' fees" and costs. *Id.* p. 8.

A party may not pursue a civil action under section 3-1701 before the MIA has issued a final administrative decision. § 3-1701(c)(1). Because Plaintiff's MIA complaint remained pending at the time he filed the Complaint, he has failed to exhaust his administrative remedy. (ECF No. 5 ¶ 35.) Importantly, the court lacks subject matter jurisdiction where a plaintiff files a section 3-1701 action before exhausting the required MIA administrative process. *Unitrin Auto &*

---

[3] There are three exceptions to the administrative exhaustion requirement in section 3-1701. MD. CODE. ANN., INS. § 27-1001(c)(2). Plaintiff does not allege that any applies here.
[4] As relayed above, Travelers Personal Insurance declined to cover all of Plaintiff's claimed losses on the grounds that some of the damage was not caused by the fallen tree. *Id.* ¶ 14.

*Home Ins. Co. v. Karp*, 481 F. Supp. 3d 514, 527 (D. Md. 2020); *Young v. Travelers Ins. Co.*, No. 13-CV-02092-AW, 2013 WL 5308289, at *4 (D. Md Sept. 19, 2013.).  As this court has previously explained:

> [T]he Maryland General Assembly has signaled that exhaustion of the MIA administrative process is a jurisdictional prerequisite to a claim under Section 3-1701. Section 3-1701 states that absent certain circumstances not present here, "a party may not file an action under this subtitle before the dates of a final decision under § 27-1001 of the Insurance Article," the provision describing an administrative claim before the MIA. Cts. & Jud. Proc. § 3-1701(c)(1). Crucially, this provision falls within Title 3 of the Courts and Judicial Proceedings Article of the Maryland Code, which is entitled "Courts of General Jurisdiction—Jurisdiction/Special Causes of Action." Thus, the Maryland legislature has expressed its intent that this exhaustion requirement constitute not merely an element of a claim, but a jurisdictional prerequisite to the presentation of such a claim in a Maryland court. Accordingly, an allegation that a plaintiff has failed to exhaust administrative remedies before bringing a Section 3-1701 claim is properly considered as a challenge to the Court's subject matter jurisdiction. *See Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, No. ELH-16-3431, 2017 WL 2377105, at *6 (D. Md. May 31, 2017) (stating that a motion to dismiss a claim under Section 3-1701 for failure to exhaust administrative remedies is a challenge to the court's subject matter jurisdiction) (quoting *Carlyle v. Travelers Home & Marine Inc. Co.*, No. WDQ-13-2964, 2014 WL 2573381, at *3 (D. Md. June 5, 2014)).

*Unitrin*, 481 F. Supp. 3d at 526–27 (quoting *Jackson v. Standard Fire Ins. Co.*, Civil No. TDC-17-1612, 2018 WL 348148, at *3 (Jan. 9, 2018)).

Inasmuch as Plaintiff has not responded to the Motions, he has failed to carry his burden to demonstrate that the court has subject matter jurisdiction over Count II.  Accordingly, Count II will be dismissed without prejudice as against both Defendants.

6

### B. Count I: Breach of Contract as to Travelers Indemnity

Travelers Indemnity maintains it was not party to any contract with Plaintiff and, as such, cannot be liable for breach of contract. (ECF No. 7 ¶¶ 1–2.) In Count I, Plaintiff alleges that Travelers Indemnity breached its contract with Plaintiff through its subsidiary Travelers Personal Insurance's denial of coverage and refusal to pay for damage to Plaintiff's property. (ECF No. 5 ¶¶ 21–28.)

Under Maryland law, "a contract cannot be enforced by or against a person who is not a party to it." *Crane Ice Cream Co. v. Terminal Freezing & Heating Co.*, 147 Md. 588, 599 (1925); *Cecilia Schwaber Tr. Two v. Hartford Acc. & Indem. Co.*, 437 F. Supp. 2d 485, 489 (D. Md. 2006). In *Schwaber* this court specified that when a party is mentioned only as a parent company and not as an insurer, it is not a proper defendant in an insurance contract dispute. 477 F. Supp. 2d at 499. Further, this court has declined to extend the "direct participation doctrine" or to impose parent liability for a subsidiary's breach of contract, "because to do so would 'make a corporation that is not a signatory to a contract a de facto party to the contract.'" *Todd v. Xoom Energy Maryland, LLC*, No. GJH-15-154, 2016 WL 727108, at *7 (D. Md. Feb. 22, 2016) (quoting *Cima v. WellPoint Health Networks, Inc.*, 556 F. Supp. 2d 901, 906 (S.D. Ill. 2008)).

Plaintiff does not allege that Travelers Indemnity was his insurer or otherwise a party to a contract relevant here. The Complaint merely identifies Travelers Indemnity as the corporate parent of Travelers Personal Insurance. *Abbella Group Healthtech, LLC v. Qualivis, LLC*, No. 1:24-CV-00331-JMC, 2024 WL 3377825, at *5 (D. Md. July 11, 2024). Accordingly, Count I will be dismissed as to Defendant Travelers Indemnity for failure to state a claim.

## IV. CONCLUSION

For the reasons set forth herein, by separate order, Defendant The Travelers Indemnity Company's Motion to Dismiss (ECF No. 7) and Defendant Travelers Personal Insurance Company's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 8), construed as a Motion to Dismiss, shall be granted.  Count I of the Complaint shall proceed as against Defendant Travelers Personal Insurance Company only.


Date: October 30, 2024                                                      /s/_____
                                                                          Julie R. Rubin
                                                                          United States District Judge